Kenneth S. Frazier (Bar No.: 1798)
kfrazier@feltmartinlaw.com
Martin S. Smith (Bar No.: 8721)
msmith@feltmartinlaw.com
FELT, MARTIN, FRAZIER, & WELDON, P.C.
208 North Broadway, Suite 313
P. O. Box 2558
Billings, MT 59103-2558
Telephone: (406) 248-7646
Fax:      (406) 248-5485

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| VALLEY BANK OF GLASGOW, a Montana banking corporation, | Cause No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR FORECLOSURE** **(Fed. R. Civ. P. 38)** |
| HERITAGE CAPITAL FUND, a Montana 501(c)(3) corporation; LEGACY SQUARE, LLP, a Montana limited liability partnership; and KATHLEEN SEBELIUS, as Secretary of the Department of Health and Human Services | |
| Defendants. | |

# COMPLAINT

The Plaintiff, Valley Bank of Glasgow (the "Bank"), a Montana banking corporation, for its Complaint for Foreclosure alleges against the Defendants, Heritage Capital Fund; Legacy Square, LLP; and Kathleen Sebelius in her official capacity as Secretary of the United States Department of Health and Human Services as follows:

## Parties

1. The Bank is a Montana banking corporation with its principal place of business at 110 6th Street South, Glasgow, Montana.

2. Defendant Heritage Capital Fund ("HCF") is a 501(c)(3) corporation duly organized under the laws of the state of Montana.

3. Defendant Legacy Square, LLP ("Legacy Square") is a limited liability partnership duly organized under the laws of the state of Montana.

4. Kathleen Sebelius is the Secretary of the United States Department of Health and Human Services ("DHHS") and this Complaint is brought against her in her official capacity.

## Jurisdiction

5. This Court has jurisdiction over this matter under 28 U.S.C. § 1346(f).

6. Venue is proper in the Billings Division of the United States Judicial District of Montana under 28 U.S.C. § 1391(a)(2).

## Claim for Relief

### Valley Bank Loan

7. On or about January 3, 2006, HCF, for value received, executed and delivered to the Bank promissory note No. 19652 (the "Note") in the principal amount of $300,000.00. Under the Note, interest accrues on the unpaid principal balance at the rate of 8.75% per annum. The maturity date of the Note was August 1, 2006. A copy of the Note is attached hereto as Exhibit "A" and incorporated herein by reference.

8. The Note called for a single payment of unpaid principal and accrued interest at maturity.

9. As security for payment of the Note, HCF, for value received, executed and delivered to the Bank a Commercial Deed of Trust, dated January 3, 2006 (the "Deed of Trust"). The Deed of Trust was placed of record in the office of the Clerk and Recorder of Valley County, Montana, on January 4, 2006, as document number 130011 in the Book of Mortgages. A copy of the Deed of Trust is attached hereto as Exhibit "B" and incorporated herein by reference.

10. Under the Deed of Trust, HCF granted to Valley County Abstract Co., Inc., as trustee, an interest in favor of the Bank in and to certain real property commonly known as 208 Fifth Street South, Glasgow, Montana, and more particularly described as follows (the "Premises"):

Lots 1, 2, 3, Block 19, Original Townsite of Glasgow, Montana, according to the official plat thereof on file and of record in the office of the Clerk and Recorder, Valley County, Montana, AND The Southerly 102 feet of Lot 16; the Southerly 102 feet of the Westerly 15 feet of Lot 17; the Easterly 15 feet of Lot 17; and all of Lot 18, Block 19, Original Townsite of Glasgow, Montana, according to the official plat thereof on file and of record in the office of the Clerk and Recorder, Valley County, Montana.

11. On June 23, 2006, HCF and the Bank executed a Modification of Promissory Note ("Note Modification 1"). Under Note Modification 1, the Bank and HCF agreed to extend the maturity date of the Note from August 1, 2006, to August 1, 2007. A copy of Note Modification 1 is attached hereto as Exhibit "C" and incorporated herein by reference.

12. On June 23, 2006, HCF and the Bank executed a Modification of Deed of Trust or Mortgage ("DOT Modification 1"). Under the terms of the DOT Modification 1, the Bank and HCF agreed to extend the maturity date of the Deed of Trust from August 1, 2006, to August 1, 2007. DOT Modification 1 was placed of record in the office of the Clerk and Recorder of Valley County, Montana, on June 27, 2006, as document number 131458 in the Book of Mortgages. A copy of DOT Modification 1 is attached hereto as Exhibit "D" and incorporated herein by reference.

13. On September 27, 2007, HCF and the Bank executed a Modification of Promissory Note ("Note Modification 2"). Under the terms of Note Modification 2, the Bank and HCF agreed to extend the maturity date from August

1, 2007, to October 1, 2009. A copy of Note Modification 2 is attached hereto as Exhibit "E" and incorporated herein by reference.

14. On September 27, 2007, HCF and the Bank executed a Modification of Deed of Trust or Mortgage ("DOT Modification 2"). Under the terms of the DOT Modification 2, the Bank and HCF agreed to extend the maturity date of the Deed of Trust from August 1, 2007, to October 1, 2009. DOT Modification 2 was placed of record in the office of the Clerk and Recorder of Valley County, Montana, on September 28, 2007, as document number 135386 in the Book of Mortgages. A copy of DOT Modification 2 is attached hereto as Exhibit "F" and incorporated herein by reference.

## DHHS Grant

15. On or about September 19, 2005, DHHS, acting through the Office of Community Services, arranged for a grant to HCF in the amount of $700,000.00 under grant no. 90EE0722 (the "Grant"). A copy of the Grant is attached hereto as Exhibit "G" and incorporated herein by reference.

16. On or about June 2, 2006, HCF recorded in the office of the Clerk and Recorder of Valley County, Montana, a Notice of Federal Interest dated May 30, 2006 (the "Notice"). The Notice purports to grant an interest in the Premises to DHHS. A true and correct copy of the Notice is attached to this Complaint as Exhibit "H" and incorporated herein by reference.

### Quit Claim Deed

17. On or about January 3, 2007, HCF executed a quit claim deed under which it transferred its interest in the Premises to Legacy Square. The Quit Claim Deed was placed of record in the office of the Clerk and Recorder of Valley County, Montana, on January 3, 2007, as document number 132969 in the Book of Deeds. A true and correct copy of the Quit Claim Deed is attached to this Complaint as Exhibit "I" and incorporated herein by reference.

### Construction Lien

18. Upon information and belief, at the request of Legacy Square and HCF, Dale Plumbing & Heating, Inc., a Montana corporation ("Plumbing"), provided labor, materials, and equipment to the Premises from August 15, 2006, through October 31, 2007.

19. On or about December 19, 2007, Plumbing filed a construction lien against the Premises for the amount of $27,956.52 (the "Construction Lien"). The Construction Lien was placed of record in the office of the Clerk and Recorder of Valley County, Montana, on December 19, 2007, as document number 135854 in the Book of Liens. A true and correct copy of the Construction Lien is attached to this Complaint as Exhibit "J" and incorporated herein by reference.

20. On or about April 28, 2009, Plumbing, for value received, assigned to Bank all of Plumbing's rights and interests under the Construction Lien (the

"Assignment"). The Assignment was placed of record in the office of the Clerk and Recorder of Valley County, Montana, on June 4, 2009, as document number 139323 in the Book of Liens. A true and correct copy of the Assignment is attached to this Complaint as <u>Exhibit "K"</u> and incorporated herein by reference.

21. Under the terms of the Deed of Trust, any amounts paid to acquire the Construction Lien are protective advances and secured by the Deed of Trust.

Default and Acceleration

22. The transfer of the Premises by HCF to Legacy Square constitutes an event of default under the Note and the Deed of Trust.

23. HCF's failure to discharge the Construction Lien constitutes an event of default under the Note and the Deed of Trust.

24. HCF is insolvent, is no longer doing business, and is unable to make its payment of principal and accrued interest at maturity, which insolvency constitutes an event of default under the Note and the Deed of Trust.

25. The Bank has declared the Note in default and has accelerated the balance of principal and accrued interest due under the Note, and demanded payment in full of the outstanding principal and interest. The total amount due and owing on the Note as of July 1, 2009, is $360,236.81, as follows:

|  |  |
|---|---:|
| Principal | $275,816.80 |
| Protective Advances | 32,374.60 |
| Fees and Charges | 17,791.03 |
| Accrued Interest | 34,254.38 |
| **TOTAL** | **$360,236.81** |

Interest on the principal balance and protective advances continues to accrue at the rate of 8.75% per annum, or $73.88 per day, from and after July 1, 2009.

26. Pursuant to Mont. Code Ann. § 71-1-304(3) (2008) and under the Deed of Trust, the Bank is electing to foreclose judicially on the Premises.

27. Upon information and belief, the loan evidenced by the Note and secured by the Deed of Trust is for commercial purposes, to wit, the development of the Premises as a commercial property and business venture. To the extent that foreclosure and sale of the Premises does not satisfy fully HCF's obligation to the Bank, HCF is liable for any deficiency under the Note.

28. In order to foreclose on the Premises, the Bank has employed the law firm of Felt, Martin, Frazier & Weldon, P.C. Under the terms of the Deed of Trust, HCF is obligated to pay the Bank's attorneys' fees and costs of the foreclosure proceeding.

29. It may become necessary for the Bank to advance additional monies during the pendency of this action for the payment of taxes and insurance premiums and repair, operation, maintenance, or other expenses required for the

preservation of the Premises. Said sums are secured by the Deed of Trust in the same manner as the principal obligations, with interest thereon until paid in full.

## Relief Requested

WHEREFORE, Plaintiff Valley Bank of Glasgow prays for judgment against the Defendants Heritage Capital Fund, Legacy Square, LLP, and Kathleen Sebelius in her official capacity as Secretary of the United States Department of Health and Human Services, as follows:

A. For judgment against Defendant HCF in the amount of $360,236.81, together with interest accruing on the principal balance and protective advances paid to date at the rate of 8.75% per annum from July 1, 2009, until entry of judgment herein and from the date of entry of judgment until paid in full;

B. For judgment against defendant HCF for the Bank's costs and disbursements incurred by reason of this action, including without limitation reasonable attorneys' fees and any sums the Bank reasonably expends to pay taxes and insurance premiums, make repairs, operate, maintain, or otherwise preserve the Premises, whether incurred during the pendency of this action or executing any judgment, together with interest thereon at the rate of 8.75% per annum from the date of the expenditure until paid in full;

C. For judgment that the Bank has a first and best valid lien against the Premises in the amount due the Bank and that all right, title, interest, claim,

demand or equity redemption of Defendants, and any party who may claim the same under any Defendant to this action, is barred and foreclosed;

    D.    For a Decree of Foreclosure of the Premises as follows:

        (i)    That it be adjudged and decreed that the security interests in the Premises be foreclosed and the Premises be sold by the Sheriff of Valley County, Montana, according to the law and practices of this Court;

        (ii)    That the proceeds of the sale of such Premises be applied first to the cost of such sale and the Sheriff's fees and then to the amounts due to the Bank;

        (iii)    That any surplus be distributed pursuant to Mont. Code Ann. § 71-1-225; and

        (iv)    That every person, if any, whose right, title, interest, estate, claim, demand, conveyance, or encumbrance to the Premises subsequent to the security interests set forth above in favor of the Bank be forever barred and foreclosed of all right, claim, and lien in and to the Premises;

    E.    For deficiency judgment against defendant HCF for all remaining amounts due to the Bank under the Note after application of the proceeds from the sale of the Premises; and

F.    For such other and further relief as the Court deems just and equitable.

DATED this 7th day of July 2009.

                        FELT, MARTIN, FRAZIER, & WELDON, P.C.

                        /s/ Kenneth S. Frazier
                            208 North 28th, Suite 313
                            Billings, MT  59103-2558

                        Attorneys for Plaintiff